IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TEXAS MEDICAL ASSOCIATION, et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) Case No.: 6:22-cv-00372-JDK |
| v. | ) |
| | ) Lead Consolidated Case |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, et al., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**[PROPOSED] ORDER GRANTING LIFENET'S MOTION FOR SUMMARY JUDGMENT**

For the reasons stated in the Memorandum accompanying LifeNet's motion for summary judgment, and the reasons stated in TMA's Memorandum, LifeNet's Motion for Summary Judgment is GRANTED.

The Court has already vacated the portions of the New QPA Presumption that were challenged in TMA's motion for summary judgment. Those provisions are set forth in the Final Rule, 87 Fed. Reg. 52,618 (Aug. 26, 2022), where they are identified by their forthcoming C.F.R. codifications as follows:

(1) The word "then" in 45 C.F.R. § 149.510(c)(4)(iii)(B); the entirety of 45 C.F.R. §§ 149.510(c)(4)(iii)(E) and (c)(4)(iv); and the final sentence of 45 C.F.R. § 149.510(c)(4)(vi)(B).

(2) The word "then" in 26 C.F.R. § 54.9816-8(c)(4)(iii)(B); the entirety of 26 C.F.R. § 54.9816-8(c)(4)(iii)(E) and (c)(4)(iv); and the final sentence of 26 C.F.R. § 54.9816-8(c)(4)(vi)(B).

(3)   The word "then" in 29 C.F.R. § 2590-716-8(c)(4)(iii)(B); the entirety of 29 C.F.R. § 2590-716-8(c)(4)(iii)(E) and (c)(4)(iv); and the final sentence of 29 C.F.R. § 2590-716-8(c)(4)(vi)(B).

In addition, and for the same reasons, the Court also vacates the portion of the New QPA Presumption that appears in the regulations governing the air-ambulance IDR process specifically. The following provisions in the Final Rule, 87 Fed. Reg. 52,618 (Aug. 26, 2022), identified by their forthcoming codifications in the C.F.R., are hereby VACATED:

(1)   The entirety of 45 C.F.R. § 149.520(b)(3);

(2)   The entirety of 26 C.F.R. § 54.9817-2(b)(3); and

(3)   The entirety of 29 C.F.R. § 2590-717-2(b)(3).

All of the foregoing vacated provisions, cited above, are DECLARED to have been promulgated by Defendants in violation of the Administrative Procedures Act (APA) because they are "arbitrary, capricious, [and] an abuse of discretion" and are "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

The Defendants are ENJOINED from enforcing the foregoing vacated provisions, cited above.

This matter is REMANDED to Defendants with the following specific instructions:  In any future rulemaking giving guidance to arbitrators on how to make IDR determinations, the Departments may not (i) instruct arbitrators to place any greater weight on the QPA than on the other statutory factors, (ii) condition arbitrators' consideration or weighing of the other factors upon any additional findings relating to the QPA, or (iii) impose on arbitrators any administrative burdens that are conditioned upon arbitrators' relying on factors other than the QPA or selecting the offer farther from the QPA.