# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| TEXAS MEDICAL ASSOCIATION, et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) Case No.: 6:22-cv-00372-JDK |
| v. | ) |
| | ) Lead Consolidated Case |
| UNITED STATES DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, et al., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

## LIFENET'S MOTION TO SEAL

Plaintiff LifeNet, Inc., respectfully moves for leave to file the Air Medical Series and Support Agreement between itself and Air Methods Corporation (the "Contract") under seal pursuant to Rules 5.2(d) and 7(b) of the Federal Rules of Civil Procedure and Local Rule CV-5(7). The Contract is Exhibit 1 to the Gaines Declaration, which is being filed today as Exhibit G to LfeNet's Motion for Summary Judgment. The Contract contains proprietary, sensitive, and confidential business information that would cause competitive disadvantage to LifeNet and Air Methods if it were publicly disclosed. *See* Gaines Decl., ¶¶ 8-9.

Defendants ("the Departments") do *not* oppose this motion.

This motion is *identical*, in all material respects, to the motion to seal this same document, which this Court granted in LifeNet's previous action against the Departments. *See LifeNet, Inc. v. Dep't of Health & Human Servcs.*, 22-cv-00162, ECF 33 (motion filed June 7, 2022), *granted*, ECF 35 (order entered June 13, 2022).

1

**ARGUMENT**

I.    **Legal Standard**

This Court has ample discretion to grant motions to seal. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (reviewing decision to seal document for abuse of discretion). In exercising that discretion, "the court must balance the public's common law right of access against the interests favoring nondisclosure" which must be "compelling." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). Protecting a party's competitive standing may provide the basis for sealing a document. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing."); *Binh Hoa Le*, 990 F.3d at 419 ("[E]ven under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets . . . ."); *Cellular Commc'ns Equip., LLC v. Apple Inc.*, No. 6:14-CV-251-KNM, 2017 WL 10311215, at *2 (E.D. Tex. Jan. 5, 2017) (public filing of license agreement's pricing terms and licensor patents "will put Apple at a competitive disadvantage in negotiations for future licensing deals").

The recent decision in *Binh v. King & Spalding LLP* is instructive. No. 4:21-CV-02234, 2022 WL 130879 (S.D. Tex. Jan. 10, 2022). In that case, the court granted the defendants' motion to seal two contracts that were dispositive to the case before the court because they provided the basis for compelling arbitration and dismissing the case. *Id.* at *3. The court nonetheless held that sealing was appropriate because the documents "contain 'confidential business information' and public disclosure 'might place the signatory parties at a competitive disadvantage in future negotiations.'" *Id.* at *3 (quoting *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015)).

Similarly, in *FirstBank Southwest v. Heartland Financial USA, Inc.*, the court permitted the sealing of three documents concerning the defendants' "business decisions and strategies," including a marketing plan and a "Mergers & Acquisitions" manual. No. 2:21-CV-024-Z-BQ, 2021 WL 4047398, *3 (N.D. Tex. Sept. 2, 2021). The court relied on defendants' assertion that the marketing plan contained proprietary information that had been kept confidential and could provide an unfair advantage to competitors. *Id.* Defendants also asserted that "the public has minimal interest in the internal marketing strategies and funding of private entities." *Id.*

## II. The Contract Should Be Kept Under Seal

### A. The Contract Is Not Necessary to Support LifeNet's Standing

The heightened sealing standard, which applies to documents relied on for dispositive motions, does *not* apply here. *See Binh Hoa Le*, 990 F.3d at 419. That is because LifeNet's motion for summary judgment does *not* depend upon the Contract. On the contrary, LifeNet has standing because LifeNet's services are being valued by the IDR entities in the IDR process. The IDR process is now the *only* relevant market for LifeNet's emergency transports of commercially insured patients. Those IDR valuations will be significantly lower as a result of the unlawful QPA Presumption. Those lower valuations cause LifeNet an immediate injury regardless of what the Contract may say. *See* Gaines Decl., ¶¶ 13-18.

LifeNet's sole purpose, in filing the Contract with the Court, is to preemptively respond to the Departments' expected demand to delay this matter in order to take unnecessary discovery into LifeNet's standing—a request . *See* ECF 31, at 17. The only specific document the Departments demanded, in their motion, was the Contract. *Id.* In order to oppose that motion for discovery, LifeNet has provided the Contract to the Departments and is also filing it with the Court.

### B. The Contract Contains Sensitive Business Information That Justifies Keeping It Under Seal

Even if the heightened standard, for sealing dispositive documents, were to apply to this motion (it doesn't apply), that standard is nevertheless met here. *See Binh*, 2022 WL 130879 at *3 (granting motion to seal outcome-dispositive contracts because public disclosure "might place the signatory parties at a competitive disadvantage in future negotiations").

The specific financial terms in the Contract have been redacted. Gaines Decl., ¶ 8. Nevertheless, the remaining unredacted portions of the Contract still contain extensive details of the nature, structure, and scope of LifeNet's and Air Methods business relationship. Those details constitute sensitive information about both parties' "business decisions and strategies," *FirstBank Southwest*, 2021 WL 4047398, at *3, which justify sealing the Contract in order to avoid "plac[ing] the signatory parties at a competitive disadvantage in future negotiations," *Binh*, 2022 WL 130879, at *3. For these reasons, LifeNet and Air Methods each promised to keep the Contract confidential. Contract § 27.

Here, as in *FirstBank Southwest* and *Binh*, the Contract's release would risk causing LifeNet and Air Methods substantial competitive harm. As evidenced by the Gaines Declaration, the unredacted portions of the Contract contain commercially sensitive information that, if disclosed, would reveal the details of LifeNet's business and the terms on which it has agreed to provide services. That information includes:

- "[T]he specific details and structure of LifeNet's and AMC's compensation arrangement;" Gaines Decl., ¶ 9; *see also, e.g.*, Contract §§ 11.0, 13 & Ex C;

- "[T]he specific details and structure of LifeNet's and AMC's cooperation, whereby LifeNet provides clinical services and AMC provides the air ambulance vehicle and piloting services," Gaines Decl., ¶ 9; *see also, e.g.*, Contract §§ 5-7; and

- "[T]he specific details of LifeNet's and AMC's operations and personnel," Gaines Decl., ¶ 9; *see also, e.g.*, Contract Exs. E & D.

Disclosure of this information may enable LifeNet's and Air Methods' competitors to gain a competitive advantage in any future negotiations with those parties over the terms of a similar contract. *See Binh*, 2022 WL 130879 at *3 (risk of "competitive disadvantage in future negotiations" justifies sealing); *Cellular Commc'ns Equip.*, 2017 WL 10311215, at *2 (same).

## THE DEPARTMENTS' POSITION

Counsel for LifeNet conferred by email with counsel for the Departments regarding this motion. The Departments' position is same as the Departments' position when LifeNet filed the motion to seal the same document, in the earlier case:

> The Defendants do not oppose the Plaintiff's motion to seal the offered documents, which appear to be incomplete copies of contractual documents, but the Defendants reserve the right to seek the production and filing of the complete documents under the rule of completeness, Fed. R. Evid. 106.

## CONCLUSION

The Contract contains sensitive business information that would put the LifeNet and Air Methods at a competitive disadvantage if it were publicly disclosed. LifeNet's motion to seal should therefore be GRANTED.

Dated: October 12, 2022

Respectfully submitted,

By: */s/ Steven M. Shepard*
Stephen Shackelford, Jr.
(EDTX Bar No. 24062998)
SUSMAN GODFREY LLP
1301 Ave. of the Americas, Fl. 32
New York, NY 10019
sshackelford@susmangodfrey.com
212-336-8340

Steven M. Shepard (*pro hac vice*)
1301 Ave. of the Americas, Fl. 32
New York, NY 10019

sshepard@susmangodfrey.com
212-336-8340

*Counsel to Plaintiff LifeNet, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

By: */s/ Steven M. Shepard*
Steven M. Shepard