IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TEXAS MEDICAL ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | Civil Action No. 22-cv-00372-JDK <br><br> LEAD CONSOLIDATED CASE |

**<u>DEFENDANTS' MOTION TO STRIKE LIFENET'S AMENDED COMPLAINT</u>**

**INTRODUCTION**

Less than 24 hours after Defendants filed their opposition to Plaintiffs' motion for summary judgment and cross-motion in support of Defendants' motion for summary judgment on November 10, Plaintiff LifeNet, Inc., filed an Amended Complaint purporting to add a new Plaintiff, East Texas Air One, LLC, to the case. *See* Am. Compl. of LifeNet, Inc. & East Texas Air One, LLC for Declaratory & Injunctive Relief, ECF No. 64.

LifeNet did not consult with Defendants before filing the Amended Complaint. Nor did it seek the Court's leave. Nor, after Defendants inquired about the unexpected filing, did it offer any explanation why it waited to file its Amended Complaint until nearly two months after it filed its initial Complaint, nearly a month after it moved for summary judgment, and mere hours after Defendants filed their summary judgment papers.

LifeNet's filing was improper. Under Federal Rule of Civil Procedure 15, LifeNet did not have a right to amend as a matter of course, given that more than 21 days had elapsed since it filed its initial complaint and there are no Rule 12 motions pending. LifeNet was therefore required to obtain Defendants' consent, or the Court's leave, before filing an amended complaint. Fed. R. Civ. P. 15(a)(2). Because it failed to do so, its Amended Complaint is procedurally invalid, has no legal effect, and should be stricken.

**ARGUMENT**

**I.     LifeNet's Amended Complaint Is Procedurally Invalid and Has No Legal Effect.**

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1); *see also* Fed. R. Civ. P. 15 advisory committee's notes (2009) ("First, the right to amend once as a matter of course terminates 21 days

1

after service of a motion under Rule 12(b), (e), or (f). . . . Second . . . the amended rule permits one amendment as a matter of course in response to a responsive pleading.").[1] Those are the only circumstances under which amendment as a matter of right is permitted.

Neither of those circumstances is met here. First, LifeNet filed its Amended Complaint on November 10, nearly 50 days after it filed its initial Complaint on September 23. *See LifeNet, Inc. v. U.S. Dep't of Health & Human Servs.*, No. 6:22-cv-00373-JDK, Compl., ECF No. 1 (E.D. Tex. Sept. 23, 2022). LifeNet therefore was not entitled to file an amended complaint as a matter of course under Rule 15(a)(1)(A). Second, Defendants have not filed a responsive pleading or a Rule 12 motion. Indeed, the expedited briefing schedule in this case—which was negotiated at Plaintiffs' own request—explicitly waived Defendants' obligation to answer and proceeded directly to summary judgment briefing under Rule 56. *See* Joint Mot. to Consolidate & to Set an Expedited Summ. J. Briefing Schedule, ECF No. 3, Order on Summ. J. Briefing & Setting Hr'g, ECF No. 7 ("Order"). Under that schedule, LifeNet moved for summary judgment first, on October 12, LifeNet's Mot. for Summ. J. & Mem. in Supp., ECF No. 42, and Defendants followed with a combined opposition and cross-motion for summary judgment on November 9, Defs.' Cross-Mot. for Summ. J. & Mem. in Opp'n to Pls.' Summ. J. Mots., ECF Nos. 62, 63. Because Defendants' cross-motion was filed under Rule 56, not Rule 12, LifeNet was not within a 21-day window from service of a motion under Rule 12(b), (e), or (f), and thus was not entitled to file an amended complaint as a matter of course under Rule 15(a)(1)(B).

LifeNet may argue that its Amended Complaint was permissible because Defendants' cross-motion for summary judgment should be construed as a responsive pleading or a Rule 12 motion, as

---

[1] Prior to the 2009 Amendment to Rule 15, parties were permitted to file an amended complaint as of right without leave of the court so long as the defendants had not yet filed an answer to the complaint. *See* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1483 (3d ed. 2022). But the 2009 amendments to Rule 15 eliminated that option. *Id.*

2

it suggested when the parties conferred before Defendants filed this motion. This suggestion has no basis in law. First, in light of Plaintiffs' request for an expedited briefing schedule, this Court expressly "waived" "Defendants' obligation to answer the complaints in these actions." Order at 2. Second, Defendants' cross-motion for summary judgment cannot plausibly be construed as a responsive "pleading," which Rule 7 defines (as relevant here) to include only complaints and answers. *See* Fed. R. Civ. P. 7(a)-(b) (distinguishing "pleadings"—i.e., "complaint[s]"; "answer[s]" to complaints, counterclaims, and crossclaims; and "a reply to an answer"—from "Motions and Other Papers"); *see also Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009) ("[T]he term 'responsive pleading' does not include such filings as a motion to dismiss or a motion for summary judgment.") (citation omitted); *PNC Sec. Corp. v. Finanz-Und GmbH-Liedgens*, 101 F.3d 702 (6th Cir. 1996) ("Cases uniformly hold that a 'responsive pleading' is solely one of the pleadings mentioned in Rule 7(a)—other responses, such as a motion to dismiss or a motion for summary judgment, do not suffice."). And third, Defendants' cross-motion was quite plainly a motion for summary judgment under Rule 56. It is well established that a defendant may challenge a plaintiff's standing, and thus a court's subject matter jurisdiction, under Rule 56, rather than Rule 12. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884-85 (1990). In that case, the question is not the sufficiency of the complaint's allegations, but instead whether the plaintiff has submitted sufficient evidence to establish that there is no genuine dispute about its standing. That is precisely the argument Defendants' motion raises here. *See* Defs.' Cross-Mot. for Summ. J. & Mem. in Opp'n to Pls.' Summ. J. Mots., ECF No. 63 at 16-18; *see also Bilder v. Dykstra*, No. 20-3062, 2021 WL 3086201, at *2 (7th Cir. July 22, 2021) (affirming rejection of amended complaint under Rule 15(a)(1)(B) because "the district court treated plaintiff's motion as one for summary judgment (and he responded to it at length)"), *cert. denied*, 142 S. Ct. 1118 (2022). For these reasons, Defendants' cross-motion for summary judgment cannot be construed as either a responsive pleading or a Rule 12 motion.

3

Under all other circumstances not covered by Rule 15(a)(1), a party may amend its pleadings only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). LifeNet did not consult with Defendants before filing the Amended Complaint.[2] Under Rule 15, LifeNet was therefore required to seek leave of court before the Amended Complaint could be filed. It did not do so.

The Amended Complaint thus has no legal effect. "[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient." *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). "The failure to obtain leave results in an amended complaint having no legal effect." *Id.*; *see also* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1484 (3d ed. 2022) ("In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered[.]"). "A plaintiff 'cannot simply file documents and declare them to be amended complaints.'" *GoldCrown Properties, Inc. v. Mut. of Omaha Bank*, 784 F. App'x 873, 875 (5th Cir. 2019) (quoting *Prince-Rivers v. Fed. Express Ground*, 731 F. App'x 298, 300 (5th Cir. 2018)); *see also Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (finding that an amended pleading filed without leave of court or consent of opposing party in violation of Rule 15(a) has no legal effect); *Perez v. Del Monte Fresh Produce N.A., Inc.*, No. 3:11-CV-1243-AC, 2012 WL 2872398, at *8-9 (D. Or. Apr. 18, 2012) (same), *report and recommendation adopted*, 2012 WL 2872317 (D. Or. July 12, 2012); *Hardin v. Wal–Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (same).

The Fifth Circuit's decision in *GoldCrown Properties* points the way here. There, the plaintiffs, like LifeNet, filed an amended complaint without leave of court or the opposing party's consent after

---

[2] Defendants do not know whether Plaintiffs in the consolidated case, the Texas Medical Association, Dr. Adam Corley, and Tyler Regional Hospital LLC, had knowledge of or consented to the Amended Complaint.

summary judgment briefing had concluded. 784 F. App'x at 875. The Fifth Circuit held that the district court properly refused to consider the amended complaint, because amending the complaint at that point required "the opposing party's written consent or the court's leave." *Id.* (quoting *Prince-Rivers*, 731 F. App'x at 300). Because the plaintiffs had obtained neither, the amended complaint was procedurally improper and not entitled to consideration. *Id.*; *see also Spence v. Nelson*, 533 F. App'x 368, 370 (5th Cir. 2013) (finding that the district court properly declined to consider amended complaint filed without defendants' written consent or court's leave and after 21-day deadline in Rule 15); *Suter v. Univ. of Tex. at San Antonio*, 495 F. App'x 506, 508 (5th Cir. 2012) (ruling that the district court appropriately disregarded amended complaint because plaintiff "never requested leave to amend, whether in a formal motion or within the body of her amended complaint").

So too here. This case has already proceeded to summary judgment briefing, which is nearly complete. Because LifeNet failed to obtain—indeed, even to seek—Defendants' consent or the Court's leave before filing its Amended Complaint, that pleading is invalid and should be stricken.

## II. LifeNet's Belated Attempt to Amend its Complaint Prejudices Defendants.

LifeNet's failure to obtain Defendant's consent or the Court's leave is reason enough to strike the Amended Complaint, and the Court's analysis should end there. But it bears noting that LifeNet's failure to follow the required procedures here was no mere technicality: Defendants would be materially prejudiced by LifeNet's thirteenth-hour amendment, which smacks of sandbagging. *See Mathews*, 332 F.3d at 296-97 (improperly filed amended complaint will not be accepted where a defendant is prejudiced); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003) ("an amended complaint should not be allowed if there is "undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] undue prejudice to the opposing party") (quoting *Foman v. Davis*, 371 U.S. 178, 180 (1962)).

5

LifeNet first challenged the interim final rule in April 2022. *LifeNet, Inc., v. U.S. Dep't of Health & Human Servs.*, No. 6:22-cv-162-JDK, Compl., ECF No. 1 (E.D. Tex, Apr. 27, 2022). It filed this lawsuit in September 2022, *see* Compl., ECF No. 1. It has therefore been litigating challenges in Tyler to the No Surprises Act rules concerning air ambulance companies for more than six months. Yet it failed to amend its Complaint to add its new plaintiff, an air ambulance company actually based in Tyler, until November 10. And on top of that half-year delay, LifeNet waited to file its Amended Complaint until the day after Defendants filed their opposition to Plaintiffs' motion for summary judgment and cross-motion for summary judgment. *See Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579, 586 (W.D. Tex. 2013) (finding delay where the plaintiff waited until three weeks after removal to move to amend the complaint).

LifeNet has offered no reason why it could not have filed its Amended Complaint sooner, and its apparent gamesmanship prejudiced Defendants.[3] "Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment[.]" *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015). The Fifth Circuit has found prejudice, "for instance, if the amendment is asserted . . . after dispositive motions have been filed, briefed, or decided." *Id.* (emphasis added); *see also Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (finding "[p]rejudice and undue delay . . . inherent in an amendment asserted . . . after dispositive motions had been filed"). That is precisely what happened here.

LifeNet's belated attempt to amend its Complaint to add a new party not only comes after Plaintiffs' deadline to move for summary judgment, when any evidence supporting their claims was

---

[3] If this Court were to conclude that the Amended Complaint renders Defendants' motion for summary judgment moot, then this alone would be sufficient to establish that the Amended Complaint has prejudiced Defendants. *See Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2018 WL 5634931, at *3 (N.D. Tex. Oct. 31, 2018) (noting that "depriving the County of a merits ruling is the type of prejudice that should preclude acceptance of an amended pleading filed without the requisite leave of court").

6

due. *See* L.R. CV-56(a); *see also* Fed. R. Civ. P. 6(b)(1) (requiring a showing of good cause or excusable neglect to extend a briefing deadline). It also comes after Defendants' deadline to oppose and cross-move, depriving them of the chance to address any deficiencies of the belated submissions in their opening brief. What's more, the delay denied Defendants a reasonable opportunity to investigate the new Plaintiff before attempting to litigate its claims on the highly expedited schedule the parties agreed to. As it stands, Defendants know little about the new Plaintiff, East Texas Air One, aside from the few allegations in the Amended Complaint and the assertions in the accompanying declaration. They have had virtually no chance to investigate, for example, whether the new Plaintiff might lack standing, whether it participated in any of the underlying rulemaking proceedings, and, if so, took any positions contrary to the ones it wishes to advance here, and whether there may be any other available defenses specific to this Plaintiff.

The need for Defendants to investigate East Texas Air One's standing, in particular, is especially strong in light of the prior proceedings here. LifeNet's first complaint, challenging the interim final rule, did not disclose its relationship with Air Methods, and did not make apparent that LifeNet's compensation is entirely unaffected by arbitrations conducted under the No Surprises Act. *See LifeNet Inc. v. U.S. Dep't of Health & Human Servs.*, No. 6:22-cv-162-JDK, Compl., ECF No. 1 (Apr. 27, 2022). Only by investigating the partnership between LifeNet and Air Methods did Defendants uncover the nature of LifeNet's compensation structure with Air Methods. *See LifeNet Inc. v. HHS*, No. 6:22-cv-162-JDK, Defs.' Mot. To Transfer at 7-8, ECF No. 22 (May 12, 2022) (describing Defendants' research into Air Methods); *LifeNet Inc. v. U.S. Dep't of Health & Human Servs.*, No. 6:22-cv-162-JDK, Defs.' Cross-Mot. for Summ. J. at 15-17, ECF No. 31 (June 1, 2022) (same).

Defendants likewise need to investigate East Texas Air One's business model and compensation structure to determine whether the outcome of arbitration proceedings under the No

Surprises Act impact it directly. By ambushing Defendants with an Amended Complaint just hours after they filed their summary judgment papers, LifeNet deprived Defendants of this opportunity.

This prejudice is especially stark when considered in the context of the current expedited schedule in this case. It would be unduly burdensome for Defendants to fully investigate and brief issues specific to this new Plaintiff on the current briefing schedule, under which Plaintiffs' opposition and reply deadline is just days away, on November 23, Defendants' reply is due on December 7, and oral argument is set for December 20. Order at 1. And scheduling additional rounds of briefing specific to this belatedly added party would not only impose additional burdens on Defendants, but necessarily disrupt the existing schedule. *See* Joint Mot. to Consolidate and to Set an Expedited Summ. J. Briefing Schedule, ECF No. 3; Order at 1-2. *See e.g., Taa v. Chase Home Fin., L.L.C.*, No. 5:11-CV-00554 EJD, 2011 WL 4985379 (N.D. Cal. Oct. 19, 2011) (denying request for leave to amend in order to prevent undue delay and prejudice to Defendants given that the motion to dismiss was pending and oral argument was scheduled for one month later).[4] At the same time, there would be no prejudice to either LifeNet or East Texas Air One if the latter were not part of this suit. LifeNet, of course, has already briefed its own challenge to the new rule at issue, and there is no apparent reason that East Texas Air One, which has no evident relationship to the existing parties, could not file its own suit in the original course, having inexplicably waited so long to attempt to join this one.

## CONCLUSION

For these reasons, the Court should strike Plaintiff LifeNet's Amended Complaint.

---

[4] During a meet and confer call preceding this motion, LifeNet proposed that the parties negotiate a separate briefing schedule specific to East Texas Air One, untethered to the current briefing schedule for the other Plaintiffs, and limiting the oral argument scheduled for December 20 to addressing only the issues relevant to the original Plaintiffs in these consolidated actions. For the reasons explained in the text, Defendants believe that such a dual-track process would unduly complicate matters and undermine the efficiency benefits that consolidation was designed to achieve.

Dated:  November 21, 2022	Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        ERIC B. BECKENHAUER
        Assistant Branch Director

        /s/ Anna Deffebach
        ANNA DEFFEBACH
        Trial Attorney
        D.C. Bar No. 241346
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, DC 20005
        Phone: (202) 305-8356
        Fax: (202) 616-8470
        E-mail: anna.l.deffebach@usdoj.gov

        *Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that counsel for Defendants conferred with counsel for Plaintiffs prior to filing this motion by telephone on November 17 and via email on November 21. Despite attempts to reach an agreement regarding the relief sought in this motion, the parties could not reach an agreement. Plaintiffs have informed undersigned counsel that they oppose this motion.

/s/ *Anna Deffebach*
ANNA DEFFEBACH

**CERTIFICATE OF SERVICE**

    I hereby certify on this 21st day of November, 2022, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                                */s/ Anna Deffebach*
                                                ANNA DEFFEBACH