IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TEXAS MEDICAL ASSOCIATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br> Defendants. | No. 6:22-cv-00372-JDK <br><br> LEAD CONSOLIDATED CASE |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE LIFENET'S AMENDED COMPLAINT AND OPPOSITION TO LIFENET'S ALTERNATIVE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**INTRODUCTION**

LifeNet contends that its Amended Complaint attempting to add a new Plaintiff—filed nearly a month after Plaintiffs' deadline to move for summary judgment, and just a day after Defendants' cross-motion for summary judgment was submitted—was proper because Defendants' filing raised "supposed problems with LifeNet's standing." LifeNet's Opp'n to Defs.' Mot. To Strike Am. Compl. and Mot. for Leave to File Am. Compl. at 1, ("LifeNet Opp'n"), ECF No. 84. But LifeNet had been on notice of those problems since at least June 2022, when Defendants highlighted them in the prior case. Yet rather than addressing them in a timely manner, LifeNet instead sought an expedited briefing schedule, moved for summary judgment, and even waited for Defendants to cross-move before attempting to amend. And any suggestion that LifeNet was simply responding to an unexpected standing argument is further undermined by the timing of its attempted amendment, which came mere hours after Defendants' filing, and had no doubt been in the works for some time.

This gamesmanship should not be rewarded. LifeNet's sole argument that it was permitted to amend as of right—that the inclusion of standing arguments somehow transformed Defendants' Rule 56 motion into a Rule 12 motion—defies logic and is utterly without support. The Amended Complaint was therefore procedurally improper and has no legal effect. And LifeNet's belated alternative request for leave to file its Amended Complaint should be denied. The Amended Complaint was filed amid an already expedited briefing schedule that had been negotiated—at Plaintiffs' Request—on the understanding that the case was limited to the parties and claims in the original complaints. The timing denied Defendants the opportunity to consider the new Plaintiff and potentially address it in their summary judgment motion. And LifeNet's proposal for a separate briefing schedule limited to East Texas Air One, on an expedited timeline, would add unnecessary complication to this case, which is already fully briefed and scheduled for argument next week.

This Court should grant Defendants' motion to strike the Amended Complaint and deny

1

LifeNet's alternative motion for leave to amend.

## ARGUMENT

**I.        LifeNet's Amended Complaint Is Procedurally Invalid And Has No Legal Effect.**

LifeNet does not dispute that it filed its Amended Complaint more than 21 days after its initial Complaint, nor does it contend that Defendants' summary judgment motion could be construed as a responsive pleading. LifeNet Opp'n at 2-3; Fed. R. Civ. P. 15(a)(1) (allowing for amendment as of right 21 days after serving a pleading or 21 days after service of a responsive pleading). Instead, LifeNet argues that Defendants' cross-motion for summary judgment should be construed as a Rule 12(b)(1) motion because it raises a jurisdictional argument. *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing for amended pleading 21 days after service of a motion under Rule 12(b)). But LifeNet supplies no caselaw to support the notion that a summary judgment motion can be so construed, and Defendants are aware of none. LifeNet Opp'n at 2-3. Not only was Defendants' motion a "summary judgment" motion under Rule 56—as expressly called for by this Court's scheduling order, ECF No. 7 at 1—it relied extensively on material contained in the administrative record throughout the brief, as is typical at summary judgment. *See, e.g.*, Defs.' Cross-Mot. for Summ. J. & Opp'n to Pls.' Summ. J. Mots. ("Defs.' Opp'n") at 3-15, ECF No. 63. That Defendants' motion was one for summary judgment under Rule 56, and not a motion to dismiss under Rule 12, is also apparent from the standard of proof that Defendants argued applies to Plaintiffs' claims. *See id.* at 16 (arguing that "[a]t the summary judgment stage, such a party can no longer rest on mere allegations, but must set forth specific facts that adequately support their contention" (quoting *California v. Texas*, 141 S. Ct. 2104, 2117 (2021))).

Jurisdictional arguments may be raised "at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). But just as raising a jurisdictional argument does not transform post-trial briefing into a motion to dismiss, neither does it transform a Rule 56 motion into one under Rule 12. *See, e.g., Bilder v. Dykstra*, No. 20-3062, 2021 WL 3086201, at

\*2 (7th Cir. July 22, 2021) (affirming rejection of amended complaint under Rule 15(a)(1)(B) because "the district court treated plaintiff's motion as one for summary judgment (and he responded to it at length)"), *cert. denied*, 142 S. Ct. 1118 (2022); *see also* LifeNet's Reply in Supp. of Summ. J. & Opp'n to Defs.' Cross-Mot. for Summ. J. ("LifeNet Reply"), ECF No. 83 (treating Defendants' motion as one for summary judgment and responding to it at length).

Because none of the circumstances that allow for amendment as of right under Rule 15(a)(1) exist in this case, LifeNet was required to seek leave of court or opposing party's written consent before it could amend its complaint. It did neither. Therefore, the Amended Complaint was procedurally improper and has no legal effect. *See United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003).

## II.  This Court Should Deny Leave To Amend Because LifeNet's Belated Attempt To Amend Its Complaint Prejudices Defendants.

In the alternative, LifeNet seeks leave to file its Amended Complaint. LifeNet Opp'n at 3. This Court should deny leave because permitting an amendment at this late stage would prejudice Defendants and unduly complicate this already complex litigation. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003) (explaining that an amended complaint should not be allowed if there is "undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] undue prejudice to the opposing party" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

LifeNet offers no reason why it could not have filed its Amended Complaint sooner, before Defendants filed their summary judgment motion. It likewise makes no effort to show good cause or excusable neglect to explain why it filed its Amended Complaint and accompanying affidavit after it moved for summary judgment, when any evidence supporting its claims was due. *See* ECF No. 64-2 (Declaration of John A. Smith); see also L.R. CV-56(a); Fed. R. Civ. P. 6(b)(1) (requiring a showing of good cause or excusable neglect to extend a briefing deadline). LifeNet asserts that it filed its Amended

3

Complaint when it did because Defendants made a standing argument in their summary judgment brief. LifeNet Opp'n at 4. But LifeNet cannot reasonably claim that a last-minute Amended Complaint was needed to respond to unforeseen challenges to its standing while simultaneously arguing that Defendants' standing arguments are "a near word-for-word repeat of the same challenge rejected by this Court earlier this year." LifeNet Reply at 10. LifeNet has been on notice of the problems with its standing to challenge arbitration procedures under the No Surprises Act since last June. *See LifeNet Inc. v. U.S. Dep't of Health & Hum. Servs.*, No. 6:22-cv-162-JDK, Defs.' Cross-Mot. for Summ. J. & Opp'n to Pl's. Summ. J. Mot., ECF No. 31 at 14-18 (E.D. Tex. Jun. 1, 2022). And LifeNet's reason for seeking to add East Texas Air One—to cure the problems Defendants raised with respect to LifeNet's standing—actually undermines its request for leave to amend. *See Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) ("A party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending [his] complaint."). LifeNet surely knew about the existence of East Texas Air One and its interest in joining this lawsuit before Defendants filed their summary judgment motion, yet LifeNet offers no good reason for waiting until just hours after Defendants filed their summary judgment motion to attempt to amend, denying Defendants any opportunity to address this new plaintiff in their brief. The timing smacks of sandbagging and prejudices Defendants.

Where a belated amended complaint would come after both parties have moved for summary judgment, would prejudice Defendants, and would disrupt the management of the case, denying leave is appropriate. "[W]hen leave to amend is sought after a summary judgment motion has been filed, courts routinely decline to permit the moving party to amend." *Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2085-BN, 2017 WL 6406619, at *2 (N.D. Tex. Dec. 15, 2017) (citation omitted); *Overseas Inns S.A. P.A.*, 911 F.2d at 1151 (finding no abuse of discretion where court denied leave to amend where "importantly, the government has already filed a summary judgment motion based on the current

4

pleadings"); *see also Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 616 (8th Cir. 2003) (denying motion for leave to amend where "notably, the [plaintiffs] themselves had filed a motion for summary judgment"). And while LifeNet relies on *Little v. Liquid Air Corporation*, for the proposition that "a pending motion for summary judgment does not *in itself* extinguish a plaintiff's right to amend," LifeNet Opp'n at 6 (quoting *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 n.2 & n.3 (5th Cir. 1992), *rev'd en banc*, 37 F.3d 1069 (5th Cir. 1994)), that case recognized that "the existence of a motion for summary judgment" is "a factor in the determination whether a subsequent motion to amend is timely." *Id.* And the *Little* court ultimately found that the district court properly denied leave to amend, reasoning that the plaintiffs, like LifeNet here, had offered no evidence that the delay in filing the amended complaint was excusable or a result of "mere oversight." *Id.* at 846.[1]

Granting leave to amend at this late stage would be both disruptive and prejudicial. Defendants agreed to Plaintiffs' expedited briefing schedule on the understanding that this case would involve the parties and claims at issue in the then-existing complaints. LifeNet now offers to stipulate to a separate briefing schedule for East Texas Air One only if the "briefing occur[s] on an expedited schedule" to permit East Texas Air One's claims to be decided on the same timeline as the other Plaintiffs' claims. LifeNet Opp'n at 5. But with argument scheduled for next week, it is impossible to devise an expedited schedule that would allow briefing to conclude before this matter is taken under submission by this Court. LifeNet has offered no reason why East Texas Air One could not file its own lawsuit. If the Court grants leave to amend, any additional briefing should not be expedited, given LifeNet's delay.

## CONCLUSION

For these reasons, the Court should strike LifeNet's Amended Complaint and deny LifeNet leave to amend.

---

[1] In *Aforigho v. Tape Products Co.*, 334 F.R.D. 86, 91 (S.D. Tex. 2020), which LifeNet also cites, the court did grant leave to amend the complaint, but subsequently dismissed the pending motion for summary judgment as moot. No. 4:19-cv-1778, Order, ECF No. 24 (S.D. Tex. Jan. 27, 2020).

5

Dated:  December 13, 2022.                    Respectfully submitted,

                                                         BRIAN M. BOYNTON
Acting Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Branch Director

/s/ Anna Deffebach
ANNA DEFFEBACH
Trial Attorney
D.C. Bar No. 241346
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-8356
Fax: (202) 616-8470
E-mail: anna.l.deffebach@usdoj.gov

*Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

    I hereby certify on this 13th day of December, 2022, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                                                        */s/ Anna Deffebach*
                                                                         ANNA DEFFEBACH