UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TEXAS MEDICAL ASSOCIATION, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br> *Defendants*. | Case No. 6:22-cv-00372-JDK <br><br> Lead Consolidated Case |

**EAST TEXAS AIR ONE'S SUPPLEMENTAL REPLY IN SUPPORT OF SUMMARY JUDGMENT AND SUPPLEMENTAL OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

The Departments' challenge to East Texas Air One's standing, ECF 96, is exactly the same as their challenge to the standing of Dr. Adam Corley and Tyler Regional Hospital—the two co-plaintiffs who joined the Texas Medical Association's (TMA's) complaint. *See* ECF No. 63, pp. 17-21. East Texas Air One therefore joins, in full, the TMA plaintiffs' response to this challenge. ECF No. 82, pp. 2-5. The Departments' challenge fails for all the reasons already given by this Court in rejecting similar challenges in prior litigation. *See Texas Med. Ass'n v. U.S. Dep't of Health & Hum. Servs.*, 587 F.Supp.3d 528, 538-540 (E.D. Tex. 2022) ("*TMA I*"); *LifeNet, Inc. v. U.S. Depa't of Health & Hum. Servs.*, No. 6:22-CV-162-JDK, 2022 WL 2959715, at *6-8 (E.D. Tex. July 26, 2022) ("*LifeNet I*").

The Departments do not dispute that "East Texas Air One, as an out-of-network provider of air ambulance services, participates in the independent dispute resolution ("IDR") process the NSA established." ECF No. 96, p. 1. Therefore, East Texas Air One has standing to challenge the rules that govern that process, including the New QPA Presumption.

## BACKGROUND

### I. Factual Background

East Texas Air One incorporates by reference the fact sections of LifeNet's summary judgment brief, which it has already joined in full. ECF No. 42, pp. 2-8.

East Texas Air One is an air ambulance provider. J. Smith Decl., ¶ 3, ECF No. 64-2. Its services include emergency transports of commercially insured patients for whom East Texas Air One is an out-of-network provider. *Id*. These transports are subject to the No Surprises Act. *See, e.g.*, 45 CFR § 149.130 (setting forth coverage requirements for out-of-network air ambulance providers). East Texas Air One participates in the IDR process to establish the appropriate out-of-network rate for these services, and it expects to continue doing so. J. Smith Decl., ¶ 3, ECF No. 64-2. The Departments do not dispute these facts. *See, e.g.*, ECF No. 96, pp. 1, 3.

East Texas Air One has regularly submitted offers, in the IDR process, that exceed the Qualifying Payment Amount ("QPA") that was reported by the patient's insurer. J. Smith Decl., ¶ 4, ECF No. 64-2. The QPA often does not reflect East Texas Air One's cost of providing the services at issue. *Id*. East Texas Air One expects to continue participating in the IDR process for its out-of-network transports and to continue submitting offers higher than the QPA. *Id*. East Texas Air One also expects that its offers will differ from the QPAs by a greater magnitude than insurers' offers. *Id*. The Departments do not contest any of this. *See* ECF No. 96.

Because East Texas Air One's offers will typically exceed the QPA by more than the insurers' offers exceed the QPA, the New QPA Presumption will cause the IDR entities not to select East Texas Air One's offers. J. Smith Decl., ¶ 4, ECF No. 64-2. And because East Texas Air One's offers are not selected, payments to East Texas Air One will decrease. *Id*.

## II. Procedural Background

East Texas Air One joined LifeNet, Inc.'s Amended Complaint on November 10, 2022. ECF No. 64. That same day, East Texas Air One also joined LifeNet's motion for summary judgment. ECF No. 66. The Departments then moved to strike the Amended Complaint, arguing that they were prejudiced because they would not be able to raise unique challenges to East Texas Air One's standing. *See* ECF No. 81, pp. 7-8; *see also* ECF No. 91 (noting "Defendants argue that they need to investigate East Texas Air One's standing"). The Court denied the Departments' motion to strike, and granted the Departments an opportunity to brief "new issues" raised by the Amended Complaint. *See* ECF No. 91; *see also* ECF No. 95 (scheduling order).

The Departments previously moved for summary judgment against LifeNet, TMA, and TMA's co-plaintiffs Dr. Corley and Tyler Regional Hospital. ECF Nos. 62, 63, & 86. In each of those briefs, the Departments argued that those plaintiffs lacked standing. ECF Nos. 62 & 63, pp. 17-22; ECF No. 82, pp. 2-7. The Departments' current brief reprises, as to East Texas Air One, the standing arguments already made against TMA, Dr. Corley, and Tyler Regional Hospital. *See infra* at 5-6.

## III. The Departments' "Background" on Other Entities' Alleged Views of the *AAMS* Lawsuit Is Irrelevant

The Departments' brief's background section contains an irrelevant discussion of other entities' alleged views of a different lawsuit, brought by an association of air ambulance providers, which challenged a different set of regulations. ECF No. 96, p. 2, n.1 (citing *Ass'n of Air Med. Servs. v. U.S. Dep't of Health & Hum. Servs., et al.*, CA No. 1:21-cv-03031-RLJ (D.D.C.) ("*AAMS*")). For example, the Departments write that Metro Aviation departed the Association of Air Medical Services over disagreements with the latter's litigating position in the *AAMS* case. This discussion is irrelevant because Metro Aviation is not a plaintiff in this case and does not

3

submit claims for East Texas Air One's air ambulance services. Moreover, the *AAMS* case does not concern the New QPA Presumption that is at issue here—indeed, *AAMS* was filed before the New QPA Presumption was even promulgated in August 2022. Even if Metro Aviation's views had any relevance here, the press release that the Departments quote from also expresses Metro Aviation's *agreement* with the *AAMS* challenge to the *original* QPA Presumption.[1]

The Departments' discussion of East Texas Air One's affiliation with the Association of Critical Care Transport ("ACCT") is also beside the point. ECF No. 96, pp. 2-3. As the Departments concede, East Texas Air One was not even a member of ACCT when ACCT submitted its amicus brief in the *AAMS* case and its comments on the Departments' July 2021 Interim Final Rule (comments that the Departments have failed to file as part of the administrative record here). In any event, ACCT's amicus brief in *AAMS* has nothing to do with the issues before the Court in this lawsuit,[2] and ACCT's comments *opposed* the QPA.;[3]

In short, these entities' views about the *AAMS* case are irrelevant to this case.

---

[1] Metro Aviation Splits from AAMS Over No Surprises Lawsuit (Mar. 24, 2022), https://www.metroaviation.com/2022/03/14/metro-aviation-splits-from-aams-over-no-surprises-lawsuit/.

[2] In *AAMS*, ACCT opposed AAMS's argument that the regulations violated the Administrative Procedure Act because they failed to distinguish between two different kinds of air ambulance providers – independent providers and providers associated with hospitals. *See* Br. of ACCT, p. 14, *AAMS*, CA No. 1:21-cv-03031-RJL, ECF No. 21 (D.D.C., filed Jan. 26, 2022) ("ACCT is concerned solely with AAMS's argument that independent and hospital-based providers should be treated as different practice specialties."). That argument is *not* made by East Texas Air One or LifeNet, and is not before the Court in this case.

[3] Letter from ACCT to Sec'ys Becerra, Buttigieg, and Yellen (Sept. 7, 2021), p. 16 ("First, it is very significant that Congress did not specify the use of the QPA in any way other than as one of several IDR considerations. Congress specifically did not include the QPA as a determining factor in establishing cost-sharing requirements for air ambulance service providers as it did for other providers."), *available at* https://www.regulations.gov/comment/CMS-2021-0117-7456.

# ARGUMENT

## I. East Texas Air One Has Standing

East Texas Air One has standing to sue for all the reasons previously advanced by LifeNet and TMA and incorporated by reference here. ECF No. 42, pp. 10-16; ECF No. 82, pp. 2-5; ECF No. 83, pp. 10-17 (grounding East Texas Air One's standing on its impending economic injury from the Final Rule, and on each of the other theories advanced by LifeNet).

As explained in that briefing, and in this Court's rulings in *TMA I* and *LifeNet I*, East Texas Air One has standing to sue: (1) because the New QPA Presumption will result in lower out-of-network rates and, therefore, will cause it economic injury; (2) because the Final Rule abrogates the arbitration process established by the No Surprises Act, inflicting a procedural error on East Texas Air One; (3) because East Air Texas One is an object of the Final Rule; and (4) because lower payment awards under the Final Rule will inflict reputational harm on East Texas Air One.

The material facts underlying East Texas Air One's challenge to the Final Rule are not disputed. East Texas Air One provides out-of-network emergency air ambulance services, bills for those services, and participates in the IDR process to determine the payment amount for those services. *See* ECF No. 96, pp. 1, 3; *see also* Decl. of J. Smith, ¶ 3, ECF No. 64-2. East Texas Air One "has submitted offers" in excess of both insurers' offers and the QPAs, and East Texas Air One expects to continue to do so under the Final Rule. Decl. of J. Smith, ¶ 4, ECF No. 64-2. As a result, the Final Rule will tend to result in the selection of insurers' lower offers more frequently than would occur if the New QPA Presumption were not in place. *See* ECF No. 82, pp. 13-22; *TMA I*, 587 F.Supp.3d at 537 ("[T]he [Interim Final] Rule's presumption in favor of the offer closest to the QPA 'will systematically reduce out-of-network reimbursement compared to an IDR process without such a presumption.'").

The Departments' brief merely excerpts (at times verbatim) three arguments advanced in their prior briefing. *First,* the Departments assert that the challenged regulations will not injure East Texas Air One. According to the Departments, the New QPA Presumption is only a set of "evidentiary rules" that do not "determine[] which offer the arbitrator will actually select." *See* ECF No. 96, p. 8; *see also* ECF Nos. 62 & 63, pp. 17-19. That argument fails for the reasons explained in TMA's brief, ECF No. 82, pp. 2-5, incorporated by reference here. The Departments confuse the standing inquiry with their (faulty) merits argument that the Final Rule does not impose a New QPA Presumption. That is not the law; a plaintiff's standing must be assessed separate from the merits of the plaintiff's claims. *See Pierre v. Vasquez*, No. 20-51032, 2022 WL 68970, at *2-3 (5th Cir. Jan. 6, 2022) (finding district court erred in confusing standing with merits and reversing); *see also Glen v. Am. Airlines, Inc.*, 7 F.4th 331, 335 (5th Cir. 2021). In any event, the merits of East Texas Air One's claims are plain: the Final Rule *does* impose a presumption in favor of the QPA as the appropriate-out-of-network rate, thereby conflicting with the NSA, as has been established in all the plaintiffs' briefs already filed. ECF No. 41, pp. 15-29; ECF No. 42, pp. 9-10; ECF No. 82, p. 4; ECF No. 83, pp. 2-5 (each incorporated by reference here)

*Second*, the Departments next fault East Texas Air One for not explaining "how, exactly, [its IDR] offers do not best represent the value of the service, such that an arbitrator would not select their offer under the Final Rule." ECF No. 95, p. 7. But this argument misses the point. East Texas Air One challenges the Final Rule because the New QPA Presumption makes it less likely that an IDR entity will select East Texas Air One's offers even when its offers *do* best represent the value of its services. The New QPA Presumption skews the IDR Entity's assessment and precludes it from considering the information Congress deemed relevant to determining which offer best represents the appropriate-out-of-network rate. *See, e.g.*, ECF No. 82, p. 4.

6

*Third*, the Departments reprise their mischaracterization of East Texas Air One's challenge to the credibility rule as seeking permission to submit noncredible information to IDR entities (the arbitrators). As the other Plaintiffs have already explained, this is a mischaracterization. *See* ECF No. 82, p. 5 (incorporated by reference herein). No Plaintiff seeks to submit noncredible information to the IDR entities; rather, Plaintiffs challenge the one-sided credibility rule of the New QPA Presumption, which *immunizes* the QPA from credibility challenges. *See* ECF No. 82, p. 5 (incorporated by reference); *see also, e.g.*, ECF No. 82, pp. 9-10 (discussing "ghost rates" vis-à-vis the QPA's lack of credibility).

## II.     Plaintiffs' Previous Merits Arguments Continue to Apply

The Departments advance no new merits arguments, instead incorporating prior briefing. East Texas Air One likewise incorporates Plaintiffs' prior merits arguments as set forth in ECF No. 41, pp. 16-30, ECF No. 42, pp. 9-10, ECF No. 82, pp. 5-30, and ECF No. 83, pp. 2-10.

## CONCLUSION

The New QPA Presumption directly harms East Texas Air One, including by depressing the out-of-network payments that East Texas Air One receives as a result of the IDR process. The Court should deny the Departments' motion for summary judgment and grant Plaintiffs' motions for summary judgment.

Dated: February 3, 2023

BY:

*/s/ Steven M. Shepard*
Stephen Shackelford, Jr. (EDTX Bar No. 24062998)
Steven M. Shepard (*Pro Hac Vice*)
Max I. Straus (*pro hac vice*)
J. Craig Smyser (*pro hac vice*)
SUSMAN GODFREY LLP
1301 Ave. of the Americas, Fl. 32
New York, NY  10019
sshackelford@susmangodfrey.com

7

sshepard@susmangodfrey.com
mstraus@susmangodfrey.com
csmyser@susmangodfrey.com
(212)-336-8340

*Counsel to Plaintiff East Texas Air One, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 3, 2023, the foregoing document was filed electronically and served upon all counsel of record via the Court's CM/ECF filing system in accordance with the Federal Rules of Civil Procedure.

*/s/ Steven M. Shepard*
Steven M. Shepard *(pro hac vice)*
